## M. E. BLATT CO. *v.* UNITED STATES.

No. 98. Argued November 15, 16, 1938.—Decided December 5, 1938.

268

*Mr. Lawrence Cake* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Jackson* and *Assistant Attorney General Morris* were on the brief, for the United States.

272

274

■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner paid, and in this suit seeks to recover, an amount included in a deficiency assessment made by the Commissioner of Internal Revenue as additional income tax for the year ending January 31, 1932. The question is whether petitioner is liable under Revenue Act of 1932, § 22 (a).[1]

The material substance of the findings follows.

For itself and a subsidiary corporation, petitioner made consolidated return. The commissioner added to the income of the subsidiary on account of improvements made to its property by a lessee. He ruled the improvements were income to lessor in that year to the extent of their value at termination of the lease.

Lessor purchased the real estate in 1927, and September 13, 1930, leased it for use as a moving picture theater for a term of ten years, beginning upon completion of improvements to be made. At its own cost and expense, lessor agreed to make alterations in accordance with plans and specifications prepared by an architect selected by the parties. Lessee agreed to install the latest type of moving picture and talking apparatus, theater seats and all other fixtures, furniture and equipment necessary for the

---

[1] " 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. . . ." 47 Stat. 178. The regulation applied by the commissioner (Reg. 77, Art. 63) has since been changed. See Reg. 94 and 86, Art. 22 (a)–13.

successful operation of a modern theater to become the property of lessor at the expiration or sooner termination of the lease.

Lessor made a contract with the builder to make the contemplated improvements and agreed to pay, up to a specified limit, actual cost, plus builder's profit and architect's fee. Additional work ordered by lessee was to be paid for by it. Lessee consented to the terms of the contract and agreed to pay for work and materials ordered by it. All improvements were completed in January 1931; lessee took possession of the property February 1 of that year.

The total cost of all improvements was $114,468.77; lessor paid $73,794.47; lessee paid the balance, $40,674.30. "The estimated depreciated value at the termination of the lease of the alterations and improvements paid for by the lessee was computed by the Commissioner and was agreed to by the plaintiff [petitioner], as follows:

| | Cost | Depreciated value at end of 10 years |
|---|---|---|
| [1] Ventilating system......... | $3,959.75 | $2,771.83 |
| [2] Glazing, architect's fee and other items.............. | 10,366.37 | 7,256.46 |
| [3] Painting.................. | 760.80 | 0 |
| [4] Other improvements....... | 185.97 | 0 |
| [5] Chairs .................... | 9,167.24 | 3,055.75 |
| [6] Booth .................... | 5,197.39 | 0 |
| [7] Draperies ................. | 7,075.42 | 2,358.47 |
| [8] Electric signs and marquee.................... | 3,961.36 | 1,980.63 |
| Total .................. | $40,674.30 | $17,423.14" |

From these figures it appears that the calculations were based on annual depreciation of items [1] and [2] at 3 per cent., on [5] and [7], at 6⅔ per cent., on [8], at 5 per cent., and on [3], [4], and [6], at 10 per cent.

For the year in question, the Commissioner added to income of lessor $1,742.31, one-tenth of the cost so de-

preciated. The resulting additional tax was $211.61. Petitioner paid it; the commissioner disallowed claim for refund. The lower court held petitioner not entitled to recover; it sustained the tax on the ground that, immediately upon completion of the improvements made by lessee, they became the property of lessor, and constituted compensation paid by lessee as additional rental for the use of the leased premises.

Petitioner insists that where improvements are made by lessee, there is no realization of gain at the time the improvements are completed; that the accession of value to the property is not income but a capital addition. The United States says that, while the case presents the question whether depreciated value of improvements by lessee constitutes income to lessor in the taxable year, the "basic question is whether income is ever realized by the lessor in such cases, and if so, when." Assuming that improvements made by lessee and which will outlast the term constitute income to lessor at some time, its brief discusses the questions whether the income is realized upon (1) completion of the improvements, (2) termination of the lease, or (3) disposition of the improved property. It concludes that the "soundest theory seems to be that such income is taxable at the time the improvements are erected." And, without supporting the lower court's ruling that the estimated depreciated value at the end of the ten-year term constituted additional rent or compensation paid for the use of the premises, it asks that the judgment be upheld.

We are not called on to decide whether under any lease or in any circumstances, income is received by lessor by reason of improvements made by lessee, nor to choose, for general approval or condemnation, any of the theories expounded by the United States. Concretely, the ques-

tion presented is whether, under the lease here involved, one-tenth of what the commissioner and taxpayer call and agree to be "estimated depreciated value," as of the end of the term, was income to petitioner in the first year of the term. And that question is to be decided upon the lower court's special findings unaffected by any statement of fact, reasoning, or conclusion that may be found in its opinion.[2]

There is nothing in the findings to suggest that cost of any improvement made by lessee was rent or an expenditure not properly to be attributed to its capital or maintenance account as distinguished from operating expense. While the lease required it to make improvements necessary for successful operation, no item was specified, nor the time or amount of any expenditure. The requirement was one making for success of the business to be done on the leased premises. It well may have been deemed by lessor essential or appropriate to secure payment of the rent stipulated in the lease. Even when required, improvements by lessee will not be deemed rent unless intention that they shall be is plainly disclosed. Rent is "a fixed sum, or property amounting to a fixed sum, to be paid at stated times for the use of property . . .; . . . it does not include payments, uncertain both as to amount and time, made for the cost of improvements . . ."[3] The facts found are clearly not sufficient to sustain the

[2] Stone v. United States, 164 U. S. 380, 383. Crocker v. United States, 240 U. S. 74, 78. Brothers v. United States, 250 U. S. 88, 93. United States v. Wells, 283 U. S. 102, 120. United States v. Esnault-Pelterie, 299 U. S. 201, 206. And see American Propeller Co. v. United States, 300 U. S. 475, 479–480.

[3] Duffy v. Central Railroad Co., 268 U. S. 55, 63. Dodge v. Hogan, 19 R. I. 4, 11; 31 A. 269, 1059. Guild v. Sampson, 232 Mass. 509, 513; 122 N. E. 712. Garner v. Hannah, 6 Duer 262, 266. Board of Comm'rs v. Pure Oil Co., 167 La. 801, 811; 120 So. 373. 2 Blackstone, p. 41.

lower court's holding to the effect that the making of improvements by lessee was payment of rent.

It remains to be considered whether the amount in question represented taxable income, other than rent, in the first year of the term.

The findings fail to disclose any basis of value on which to lay an income tax or the time of realization of taxable gain, if any there was. The figures made by the commissioner are not defined. The findings do not show whether they are intended to represent value of improvements if removed or the amount attributable to them as a part of the building.

The figures themselves repel the suggestion that they were intended to represent amounts obtainable for the items if removed. We are not required to assume that the commissioner intended his estimates to represent salvage, at the end of the term, of ventilating system, glazing, architect's fees and the like, draperies, chairs, electric signs, and marquee, the useful lives of which in place have declined from 30 to 66⅔ per cent. It does not appear that if detached from the building they would then have any value, even as junk, over necessary cost of removal. It is clear that, if any value as of that time may be attributed to them, it is included in and not separable from that of the leased premises.

Equally conjectural would be assumption that the figures represent enhancement of value of the leased premises by reason of the improvements when new or as deteriorated at the end of the term. The leased property is capable of inventory and analysis for the purpose of ascertaining original and estimated present costs of its elements and other relevant facts as indications of worth to be taken into account in determining its value; i. e., the money equivalent of the property as a whole.[4] But

---

[4] *West* v. *Chesapeake & Potomac Tel. Co.*, 295 U. S. 662, 671. *Olson* v. *United States*, 292 U. S. 246, 255. *Standard Oil Co.* v. *Southern Pacific Co.*, 268 U. S. 146, 155.

present or future value, however ascertained, is single in substance; it cannot be arrived at by mere summation of actual or estimated cost of constituent elements, new or depreciated.[5] The addition to value of the leased premises resulting from the lessee's improvements may not be arrived at by formula or arithmetically by merely setting against each item or element its cost less depreciation estimated to accrue during the term of the lease.[6] The amount included in the total value of the structure reasonably to be attributed to the improvements after use for ten years is.not ascertainable by the simple calculations employed by the commissioner.

Granting that the improvements increased the value of the building, that enhancement is not realized income of lessor.[7] So far as concerns taxable income, the value of the improvements is not distinguishable from excess, if any there may be, of value over cost of improvements made by lessor. Each was an addition to capital; not income within the meaning of the statute.[8] Treasury Regulations can add nothing to income as defined by Congress.[9]

[5] Denver Stock Yard Co. v. United States, 304 U. S. 470, 479.

[6] Minnesota Rate Cases, 230 U. S. 352, 434. Bluefield Co. v. Public Service Comm'n, 262 U. S. 679, 690. Standard Oil Co. v. Southern Pacific Co., 268 U. S. 146, 157, 159. McCardle v. Indianapolis Water Co., 272 U. S. 400, 416.

[7] Hewitt Realty Co. v. Commissioner (CCA 2), 76 F. 2d 880, 884. Eisner v. Macomber, 252 U. S. 189, 207. Lucas v. Alexander, 279 U. S. 573, 577. Cf. Bowers v. Kerbaugh-Empire Co, 271 U. S. 170, 175.

[8] United States v. Phellis, 257 U. S. 156, 169, 175. Merchants' Loan & T. Co. v. Smietanka, 255 U. S. 509, 519–520. Taft v. Bowers, 278 U. S. 470, 480, et seq. Lucas v. American Code Co., 280 U. S. 445, 449. Eckert v. Burnet, 283 U. S. 140, 142. Burnet v. Logan, 283 U. S. 404, 412–413. United States v. Safety Car Heating Co., 297 U. S. 88, 99. Koshland v. Helvering, 298 U. S. 441, 444–445. Cf. Commissioner v. Van Vorst (CCA 9), 59 F. 2d 677, 680.

[9] Koshland v. Helvering, 298 U. S. 441, 447.

But, assuming that at some time value of the improvements would be income of lessor, it cannot be reasonably assigned to the year in which they were installed. The commissioner found that at the end of the term some would be worthless and excluded them. He also excluded depreciation of other items. These exclusions imply that elements which will not outlast lessee's right to use are not at any time income of lessor. The inclusion of the remaining value is to hold that petitioner's right to have them as a part of the building at expiration of lease constitutes income in the first year of the term in an amount equal to their estimated value at the end of the term without any deduction to obtain present worth as of date of installation. It may be assumed that, subject to the lease, lessor became owner of the improvements at the time they were made. But it had no right to use or dispose of them during the term. Mere acquisition of that sort did not amount to contemporaneous realization of gain within the meaning of the statute.

*Reversed.*

MR. JUSTICE STONE.

I acquiesce in that part of the Court's opinion which construes the findings below as failing to establish that the lessee's improvements resulted in an increase in market value of the lessor's land in the taxable year. As it is unnecessary to decide whether such increase, if established, would constitute taxable income of the lessor, I do not join in so much of the opinion as, upon an assumption contrary to the findings, undertakes to discuss that question.