MERKRA HOLDING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80583.   Promulgated January 17, 1939.

*Stanley A. Katcher, Esq.*, for the petitioner.
*Philip A. Bayer, Esq.*, for the respondent.

## OPINION.

Van Fossan: This case presents a question which, in its various phases, has been the subject of divergent opinions by this Board and the courts.[1] Broadly stated, the cases involve the determination of the time when, if ever, a lessor of property realizes income by reason of the erection by a lessee, of permanent improvements on lessor's land.

In the instant case the petitioner contests the action of respondent in holding that income was realized in the fiscal year ended February 29, 1932, because of a building theretofore erected on land owned by petitioner by a lessee under a lease for 21 years, dated October 24, 1929.

The most recent pronouncement on the subject is found in *Blatt Co. v. United States*, 305 U. S. 267, in which the Supreme Court reversed the Court of Claims, which had affirmed the Commis-

---

[1] *Cryan v. Wardell*, 263 Fed. 248; *Miller v. Gearin*, 258 Fed. 225; *Hewitt Realty Co.*, 29 B. T. A. 1205; reversed 76 Fed. (2d) 880; *Louise C. Slack et al., Executors*, 35 B. T. A. 271; *Emma C. Morphy*, 35 B. T. A. 289; *Julia Willms Sloan*, 36 B. T. A. 370; *Julian B. Hart*, 37 B. T. A. 360; *Blatt Company v. United States*, 23 Fed. Supp. 461; reversed by Supreme Court, 305 U. S. 267.

sioner's action in adding to the lessor's income, during the year of installation, one-tenth of the depreciated cost of improvements made by a lessee under a ten-year lease, the lease providing that the improvements should become the property of the lessor.

In the *Blatt* case the Court observed that they were not called on "to decide whether under any lease or in any circumstance, income is received by lessor by reason of improvements made by lessee, nor to choose, for general approval or condemnation, any of the theories expounded by the United States." It thereupon addressed itself to the question whether, under the lease there involved, one-tenth of the agreed "estimated depreciated value" as of the end of the ten-year term, was income to the lessor in the first year of the term. In considering this question the Court first took occasion to observe that the facts found were not sufficient to sustain the holding of the lower court to the effect that the making of the improvements by lessee was payment of rent. Likewise, it was stated that:

The findings fail to disclose any basis of value on which to lay an income tax or the time of realization of taxable gain, if any there was. The figures made by the commissioner are not defined. The findings do not show whether they are intended to represent value of improvements if removed or the amount attributable to them as a part of the building.

After thus ruling the findings of fact insufficient, the Court proceeded with the following observations:

Granting that the improvements increased the value of the building, that enhancement is not realized income of lessor. So far as concerns taxable income, the value of the improvements is not distinguishable from excess, if any there may be, of value over cost of improvements made by lessor. Each was an addition to capital; not income within the meaning of the statute. Treasury Regulations can add nothing to income as defined by Congress.

But, assuming that at some time value of the improvements would be income of lessor, it cannot be reasonably assigned to the year in which they were installed. * * * * It may be assumed that, subject to the lease, lessor became owner of the improvements at the time they were made. But it had no right to use or dispose of them during the term. Mere acquisition of that sort did not amount to contemporaneous realization of gain within the meaning of the statute.

Bearing in mind the specific question under consideration, as stated by the Court in the *Blatt* case, and albeit the findings of the lower court were held to be insufficient to support its decision, we interpret the above opinion to constitute a complete disapproval of the action of the Commissioner in holding that a lessor realizes income in the year of installation of permanent improvements by a lessee.

It is a necessary corollary of this holding that the Commissioner is not justified in spreading the "estimated depreciated value" or any other comparable amount over the term of the lease. If a pro rata

part was not income in the first year it is not income in the next or any succeeding year short of the final year of the term. The question whether income is realized at the termination of the lease we need not now decide.

The above conclusion is dispositive of the present case. In this, as in the *Blatt* case, there is no basis for a holding that the improvements were in the nature of rent. Nor, in our view, is it necessary to dwell on the fact, here present and conceivably very important in certain contingencies, that upon the termination of the lease the lessor was under obligation to demolish and remove the building from the leased land.

The action of respondent is disapproved.

Reviewed by the Board.

*Decision will be entered under Rule 50.*