**NICHOLAS, Collector of Internal Revenue, v. FIFTEENTH STREET INV. CO.**

**No. 1796.**

Circuit Court of Appeals, Tenth Circuit.

June 19, 1939.

F. A. Michels, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and J. L. Monarch, Sp. Assts. to Atty Gen., and Thomas J. Morrissey, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo., on the brief), for appellant.

Horace Phelps, of Denver, Colo. (James D. Benedict and Horace F. Phelps, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit instituted by the Fifteenth Street Investment Company, a corporation, hereinafter called the taxpayer, against Ralph Nicholas, Collector of Internal Revenue for the District of Colorado, under section 24 (20) of the Judicial Code, 28 U.S.C.A. § 41 (20), to recover income taxes paid for the years 1932 and 1933. The taxpayer owned a parcel of real estate situated in the City of Denver. In March, 1929, the property was leased to Mountain States Theater Corporation for the succeeding twenty-five years. In August, 1930, the taxpayer completed the construction of a building on such real estate at a cost of $262,500. In addition to the amount thus expended by the taxpayer, the lessee, with the permission of the taxpayer but without obligation to do so, expended $134,164.40 for unseverable and permanent improvements to the building. The title to such improvements was at all times vested in the taxpayer, and no part of the expenditures which the lessee made for them was in lieu of rent. The depreci-

---

act, as construed, is of doubtful validity, appellant relies on Stewart Dry Goods

Co. v. Lewis, 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054.

able life of the building following the agreed determinative period of the lease was sixteen and one-half years. In May, 1933, the lease was prematurely terminated by the default of the lessee, and the exclusive possession of the property was unconditionally surrendered to the taxpayer.

The taxpayer included in its income tax return for the year 1932 the amount of $2,-355 as the aliquot part for one year of the value of the improvements paid for by the lessee and paid the tax thereon. No part of the value of the improvements made by the lessee was included in the return of the taxpayer for the year 1933. On examination of the facts, the Commissioner increased the income of the taxpayer in the sum of $49,106.66 as representing the depreciated value of the improvements made by the lessee remaining after the termination of the lease. A deficiency in taxes was imposed and paid. Claims for refund were submitted and denied. This suit followed. The court determined that the taxpayer did not realize any taxable gain in the years in question resulting from the improvements made by the lessee. 23 F.Supp. 863. Judgment was rendered for the taxpayer, and the collector appealed.

Section 22(a) of the Revenue Act of 1932, 47 Stat. 169, 178, 26 U.S.C.A. § 22 (a), is relied upon to sustain liability for the taxes in controversy. The section provides that gross income shall include gains, profits, and income derived from dealings in property, whether real or personal, growing out of the ownership or use of such property or of any interest therein; also gains, profits, and income derived from any source whatever. But the power of the Congress to lay and collect taxes on income is confined to that which is actually and essentially income; and income, as thus used, means the gain derived from capital, from labor, or from both combined. The taxing power in respect to income cannot by legislative definition be extended beyond that scope. That which is not actually and essentially income cannot by definition be subjected to such a tax. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, ·64 L.Ed. 521, 9 A.L.R. 1570.

The improvements for which the lessee paid enhanced the value of the property, but the enhancement did not constitute realized income to the taxpayer during the years in question. It constituted an addition to capital instead of realized income within the meaning of the statute. Such an enhancement in value can result in realized income to the taxpayer only through increased rentals from the property after cancellation of the lease, or through the sale of the property. M. E. Blatt Co. v. United States, 305 U.S. 267, 59 S.Ct. 186, 83 L.Ed. 167; Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 98 A.L.R. 1201.

Reliance is also placed upon Article 63, Treasury Regulations 77, promulgated under the Act. It provides, in substance, that where a lessee erects or makes improvements in a building in pursuance of an agreement with the lessor, and such building or improvements are not subject to removal by the lessee, the lessor may at his option report as income at the time when such building or improvements are completed the fair market value thereof, or he may spread over the life of the lease the estimated depreciated value. of such building or improvements at the termination of the lease and report as income for each year of the lease the aliquot part thereof; and that if for any reason other than a bona fide purchase from the lessee by the lessor, the lease is terminated so that the lessor comes into possession or control of the property sooner than the time originally fixed for the termination of the lease, the lessor shall be deemed to have derived additional income for the year in which the lease is thus terminated to the extent that the value of the building or improvements at that time exceeds the amount previously reported as income on account of the erection of such building or improvements. The function of Treasury Regulations is to further the administration of Revenue Acts. As previously stated, the enhancement in the value of the property resulting from the improvements for which the lessee paid did not constitute realized income to the taxpayer during the years in question within the meaning of the statute. The regulation did not make it so. M. E. Blatt Co. v. United States, supra.

The judgment is affirmed.