442

**HELVERING, Commissioner of Internal Revenue, v. BRUUN.**

**No. 11429.**

Circuit Court of Appeals, Eighth Circuit.

July 20, 1939.

Oliver W. Hammonds, Sp. Asst. to Atty. Gen. (Sewall Key, J. Louis Monarch and Edward M. English, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

John H. McEvers, of Washington, D. C. (Reece A. Gardner and Ryland, Stinson, Mag & Thompson, all of Kansas City, Mo., on the brief), for respondent.

Before GARDNER and THOMAS, Circuit Judges, and WYMAN, District Judge.

THOMAS, Circuit Judge.

The petition of the Commissioner of Internal Revenue for review of a decision of the United States Board of Tax Appeals involves an alleged deficiency of income tax of Charles A. Bruun for the year 1933 in the amount of $4,111.43.

The facts were found by the Board as stipulated by the parties. The opinion is a memorandum opinion and not reported.

The respondent Bruun is a resident of Kansas City, Missouri. At all times material to the question presented he owned a lot located in that city. On July 15, 1915, under a written indenture he leased the lot for a term of 99 years to New Market Investment Company, a corporation. When the lease was executed a building stood upon the lot. It remained there until 1929. During that year the lessee removed the old building and constructed a new one upon the premises, which had a useful life of not more than fifty years. On July 1, 1933, the lessee defaulted in the payment of rent, the lease was cancelled and the lot, together with the building thereon, was turned over to the respondent taxpayer.

On July 1, 1933, when the lease was cancelled, the building erected on the premises by the lessee had a fair market value of $64,245.68 and the unamortized cost of the building removed by the lessee in 1929 was $12,811.43, leaving a net fair market value of the new building of $51,434.25 as of July 1, 1933, the date on which the lease was cancelled.

The taxpayer in his income tax return for 1933 did not report any income resulting to him by reason of the cancellation of the lease. The Commissioner determined that as a result of the transaction he sustained a net gain of $51,434.25 and determined a deficiency of $4,111.43.

Had the lease not been cancelled it would have expired by its terms in 2014. It provided for forfeiture for non-payment of rent, authorized the removal of the building on the premises at the date of its execution and permitted but did not require the construction of a new building by the lessee. The lease provided that upon conditions not now material the lessee could remove the building erected by it at any time until four and one-half years prior to the expiration of the lease. It also provided that in case of forfeiture of the lease or upon its termination the premises should be surrendered with all buildings and improvements thereon.

The question presented is whether the respondent derived any taxable income in the year 1933 by reason of the cancellation of the lease and the surrender of the demised premises by the lessee.

The Commissioner contends that the net value of the building on July 1, 1933, erected by the lessee in the amount of $51,434.25 was taxable under section 22(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 178, 26 U.S.C.A. § 22(a). The pertinent part of the statute reads: " 'Gross income' includes gains, profits, and income derived from * * * commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property * * * and income derived from any source whatever. * * *"

■ It is the contention of the Commissioner that the net value of the building erected by the lessee was definitely realized when the lease was cancelled in 1933, and is taxable income to the lessor for that year. The taxpayer contends that only an increase in the value of the real estate resulted from the transaction, and that there could be no realized gain to the lessor prior to the sale of the premises. It is settled that the income tax laws are concerned only with realized gains. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010. The government seeks to distinguish this case from the decision of the Supreme Court in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, in which it was held that appreciation in the value of property is merely an addition to capital and not constitutionally taxable as income until severed.

We are not here interested in whether or not the Commissioner correctly determined the fair market value of the building at the time the lease was cancelled in 1933, or the amount of the gain, if any. The parties stipulated at the hearing before the Board that the net fair market value of the building as at July 1, 1933, was $51,434.25; and that "If the Commissioner of Internal Revenue properly included in the gross income of the petitioner for 1933 the fair market value as of that time of the building constructed upon said premises by the lessee, the deficiency herein is $4,111.43. On the other hand, if his action in including the fair market value of said building in income of the pe-

titioner was erroneous, there is no deficiency in tax."

■ ■ The parties do not agree as to when the title to the building vested in the lessor. It is the general rule that whether the title to an improvement placed upon leased premises by the lessee vests in the lessor or remains in the lessee is a question of intent to be determined by the language used in the written lease. Armstrong Cork Co. v. Merchants' Refrigerating Co., 8 Cir., 184 F. 199, 209. The lease in the instant case clearly reserved the title in the lessee with right to remove the building upon certain conditions until the last 4 and one-half years of the term; but it further provided that "At the expiration of the term of this lease either by lapse of time or by forfeiture or otherwise the third party (lessee) will yield up to the first party (lessor) the lands hereby leased, with all buildings * * * thereon." The title to the building, therefore, vested in the taxpayer July 1, 1933, when the lease was cancelled and not before.

In the case of Miller v. Gearin, 9 Cir., 258 F. 225, the essential facts were the same as the facts in the present case, except that the lease provided that the ownership of all buildings put upon the premises by the lessee was to vest in the lessor immediately upon the construction of the same. The court said that "Assuming that the building was income derived from the use of the property, we think it clear that the time when it was 'derived' was the time when the completed building was added to the real estate and enhanced its value."

In the case of Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 884, 98 A.L.R. 1201, the question presented was whether a part of the value added to the taxpayer's premises by the construction of a building thereon by the tenant in 1931 was taxable income for that year. The majority of the court held that the added value was not taxable income in 1931 because it was not "something separately disposable"; and that such added value would be income in the constitutional sense "only when the land is sold, and then only in so far as it increases the 'amount realized' at that time."

In the case of M. E. Blatt Co. v. United States, 305 U.S. 267, 279, 59 S.Ct. 186, 190, 83 L.Ed. 167, in which the Commissioner added to the income of a taxpayer on account of improvements made to its

444

property by a lessee, the court said: "Granting that the improvements increased the value of the building, that enhancement is not realized income of lessor." The court then stated the test to be applied thus: "So far as concerns taxable income, the value of the improvements is not distinguishable from excess, if any there may be, of value over cost of improvements made by lessor. Each was an addition to capital; not income within the meaning of the statute." In this connection the Hewitt Realty Co. case was cited with implied approval.

Under this rule the taxpayer in the present case is in the same position with respect to income that he would have been had he constructed a building upon his premises in 1933 worth $51,434.25 in excess of cost. Such a building would have added "enhanced" or "excess" value to the real estate in that year; but it would have been only "an addition to capital; not income."

While in the cited cases the title to the improvements placed upon the leased premises by the lessee vested in the lessor under the terms of the lease at the time the improvements were made, whereas in the instant case title did not vest until the lease was terminated in a subsequent year, the principle is the same in all of them. The rule stated by the Supreme Court in the Blatt case, supra, is controlling. No income was realized by the respondent in 1933 by reason of the cancellation of the lease.

Affirmed.