COMMISSIONER OF. INTERNAL REVENUE v. WOOD et al.

No. 6887.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for petitioner.

Frederick E. Matson and James A. Ross, both of Indianapolis, Ind. (Matson, Ross, McCord & Clifford, of Indianapolis, Ind., of counsel), for respondents.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals entered June 30, 1938, expunging a deficiency of $16,237.96 as determined by the Commissioner of Internal Revenue in respondent's income tax liability for the year 1932. Respondents are the Trustees under the Will of James H. Baldwin, deceased.

The Board of Tax Appeals held that the value of a building erected by the lessee under a lease was not inccme to the lessor in 1932, when the lease was prematurely terminated by the default of the lessee. See Sec. 22(a), Revenue Act of 1932, 47 Stat. 169, 178, 26 U.S.C.A. § 22(a); Reg. 77, Art. 63. The Commissioner contends that the lessor's acquisition or possession at this time resulted in the realization of income to the extent of the fair market value of the building on the date of the lease cancellation.

In 1913 the lessor James H. Baldwin of Indianapolis, Indiana leased his city lot to the lessee Leasehold Realty Company for the term of ninety-nine years. At this time a building worth $10,000 stood upon the lot. Among other things, the lease provided for the erection by the lessee of a new building within seven years, after

which time the annual rental was increased from $7,200 to $9,600, with periodical increases thereafter. It also provided that in case of forfeiture of the lease or upon its termination in the year 2013 the premises should be surrendered with all the buildings and improvements thereon.

In 1917, pursuant to the terms of the lease and at a cost of $177,847.76, the lessee razed the old building and constructed a new one on the same site, which had a useful physical life of not more than fifty years. According to Indiana law and the lease itself, title to this building vested at once in the lessor, so that subject to the lease the lessor was the owner of the land and the building. In the year 1932, and by March 1, 1932, the lessee defaulted in the payment of rent, the lease was cancelled, and the lot together with the building thereon was repossessed by the respondents.

In 1916, the lessor James H. Baldwin died, and respondents by his will inherited the fee simple ownership of the leased premises. In 1932, at the time of the repossession, the fair market value of the building was $80,000 and the rental value of the land and building was not greater than $5000 per year. Neither in 1917 (the year of construction), nor during the interim between 1917 and 1932, nor in 1932 (the year of repossession) did respondents include in their tax return the value of the building in question.

In a preliminary audit of respondents' accounts for 1932, the Commissioner increased the net income of respondents by $6,279.55 as representing the difference between $89,322.98 (alleged loss resulting from the cancellation of the lease) and $95,602.53 (alleged gain resulting from the acquisition and repossession of the reversion). However, on the final examination of the facts, the Commissioner increased the net income for 1932 by $71,666.56 as representing the difference between $8,333.44 (the unamortized value of the razed building in 1932) and $80,000 (the value of the building in 1932), and imposed a deficiency in the tax liability of $16,237.96.

The respondents appealed to the Board of Tax Appeals, which denied a deficiency in respondents' income tax for the year 1932. The Board's position was that the acquisition or possession of the building by the lessor at the time of the forfeiture did not result in the realization of income. The Commissioner is now seeking review in this court of the Board's decision, contending that the value of the building was definitely realized upon acquisition and repossession thereof, for at the time respondents received the full "right to use or dispose" of the building. M. E. Blatt Co. v. United States, 305 U.S. 267, 280, 59 S. Ct. 186, 83 L.Ed. 167.

Recently, two Circuit Courts of Appeal have decided the exact issue here presented in favor of the taxpayer, Nicholas v. Fifteenth Street Inv. Co., 10 Cir., 105 F.2d 289; Helvering v. Bruun, 8 Cir., 105 F.2d 442. See also, Slack et al. v. Commissioner, 35 B.T.A. 271; Morphy v. Commissioner, 35 B.T.A. 289; Sloan v. Commissioner, 36 B.T.A. 370; Miller v. Gearin, 9 Cir., 258 F. 225; Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 98 A.L.R. 1201.

We agree with the Fifteenth Street and Brunn decisions, but we do not believe as does the court in the Brunn case that M. E. Blatt Co. v. United States, supra, is controlling. In fact, we are convinced that under the Blatt decision or opinion the question, whether acquisition of the "right to use and dispose" of improvements made by the lessee constitutes income to the lessee, still remains unanswered. See Blatt case, supra, 305 U.S. pages 279, 280, 59 S.Ct. 186, 83 L.Ed. 167.

Commissioner's position—that acquisition or possession by the lessor of leasehold improvements made by the lessee and worth $80,000 results in the realization of income—is plausible, but we are not ready to indorse it.[1] To us leasehold improvements may constitute taxable in-

---

[1] The Government in its brief states that "it is immaterial * * * whether the forfeiture of the building to the lessor be characterized as additional rent, as a consideration for cancellation of the lease, as compensation for loss of anticipated profits occasioned by breach of contract, or as a profit 'from any source whatever.'" We agree with this statement.

The forfeiture results from a default and constitutes a compulsory termination of the leasehold estate. No benefit is conferred on the lessor, to which he is not already lawfully entitled. Perhaps, in this case, the improvements may constitute partial consideration for making the lease, but surely not consideration for breaking the lease. If leasehold improvements are treated as rent income to the lessor, they must be rent expense to the

come to the lessor, within the meaning of the taxing statute, only if in a form more definite than a mere acquisition of title or possession, or an increase in value of the property to which they are affixed.[2] That is to say, in our minds leasehold improvements can result in taxable income to the lessor only through increased rentals from the property after cancellation of the lease, or through the sale of the property. See Nicholas v. Fifteenth Street Inv. Co., supra, 105 F.2d page 290.

If a taxpayer had constructed a building on his land in 1932 worth $80,000 in excess of cost, he would not have been chargeable with taxable income, although such an improvement would have increased the value of his land. We believe that the taxpayer in the instant case is in no different situation and consequently that he should be treated in the same way. Moreover, what has the lessor in the instant case received, from which he can pay the tax on $80,000? Since his income is in the form of a capital asset, he has received nothing with which to pay the tax.

In such cases, common sense dictates that the taxpayer by necessity must wait for his income until there is a conversion into cash or its substantial equivalent. See Eisner v. Macomber, 252 U.S. 189, 207, 208, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. Nor does such a construction of the taxing statute work a disadvantage to the Government. The Government will collect its tax, if the taxpayer sells or exchanges the property. On the other hand, if the taxpayer elects to hold the property upon repossession, the Government will tax the entire earnings therefrom, as long as the building is valuable enough to produce net income.

More than this the Government should not ask of its taxpayers under the particular taxing statute. We conclude that income was not realized by the respondents in 1932 by reason of the cancellation of the lease and repossession by them.

Affirmed.

lessee; yet, we know that expenditures by a lessee for permanent improvements are capital expenditures and not rent payments.

As we see it, the question is a close one: Whether the income, in the form of increased value to the land, was realized by the lessor upon the cancellation of the lease.

[2] The fact that a person acquires title to property does not spell out income. An increase in the value of property does not itself result in the realization of income. Where property is bought for less than its fair market value, the difference is not income. Although a gift of real property transfers title and enriches the donee, this per se does not result in the realization of income under the statute. We do not believe that improvements which increase the value of the property constitute taxable income.