**HELVERING, Com'r of Internal Revenue, v. LENT.**

**No. 7620.**

United States Court of Appeals for the District of Columbia.

Decided June 2, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Thurman Arnold, Sewall Key, and Carolyn E. Agger, Sp. Assts. to Atty. Gen., all of the Department of Justice, and J. P. Wenchel and Irving M. Tullar, both of Washington, D. C., both of the Bureau of Internal Revenue, for petitioner.

No appearance for respondent.

Before STEPHENS, MILLER, and VINSON, Associate Justices.

VINSON, Associate Justice.

The Board of Tax Appeals determined that the gain realized by a taxpayer (respondent) upon repossession of leased premises with a building erected by lessee, resulting from a forfeiture of the lease, was not taxable income in the year the lease was terminated. The Commissioner of Internal Revenue filed petition for review.

The facts are stipulated: the taxpayer was the owner of a one-half interest in certain improved real estate in Oakland, California. In 1911, as co-owner, he leased this property for 99 years. The lease agreement provided, inter alia, that the lessee should, upon giving bond to secure rentals, remove improvements then upon the property, and, within five years from date of lease, erect a building costing not less than $50,000 nor more than $400,000, all without cost to the lessors. The building then located on the premises was torn down and the lessee in 1914 erected a fourteen story building. In 1934, by a court decree, the lease was cancelled as a result of failure to perform material terms and conditions of the lease, and the taxpayer thereunder repossessed the property and the building thereon.

The Commissioner assessed the gain, based on the fair market value of the building at the time it was repossessed, as taxable income for that year. The Board determined that there was no taxable income resulting from the transaction.[1] It thought that the case M. E. Blatt Co. v. United States was controlling.[2] The Commissioner contends that Helvering v. Bruun is decisive.[3] We agree with the Commissioner.

In the Blatt case there was no forfeiture, nor repossession prior to the termination of the lease. There, the Commissioner valued the improvements as of the date

---

[1] Opinion not reported. Memorandum as to action taken, 40 B.T.A. 1381.

[2] 305 U.S. 267, 59 S.Ct. 186, 83 L.Ed. 167.

[3] 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864. The Board's determination was made October 27, 1939. The Bruun case was decided March 25, 1940.

they were made, allowed depreciation thereon to the termination of the lease, divided the depreciated value by the number of years the lease had to run, and held the landlord taxable for each year's aliquot portion thereof. The Supreme Court reversed on the ground that the added value could not be considered rental accruing over the period of the lease, stating that "It may be assumed that, subject to the lease, lessor became owner of the improvements at the time they were made. *But it had no right to use or dispose of them during the term. Mere acquisition* of that sort did not amount to contemporaneous realization of gain within the meaning of the statute."[4]   [Italics supplied.]

In the Bruun case the lease provided for removal of a building on the property; the erection of a new building; and there was forfeiture and repossession prior to the termination of the lease. In that case the fair market value of the new building at the time of its repossession was $64,245.68 and the unamortized cost of the old building removed from the premises was $12,- 811.43, thus leaving a *net* fair market value of $51,434.25 for the new building. The Court held that the definition of gross income in § 22(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 487,[5] was broad enough to embrace the gain there in question. In holding the gain realized upon repossession by the lessor taxable, it said: "Here, as a result of a business transaction, *the respondent received back his land with a new building* on it, which added an *ascertainable amount* to its value. It is not necessary to recognition of taxable gain that he should be able to sever the improvement begetting the gain from his original capital. If that were necessary, no income could arise from the exchange of property; whereas such gain has always been recognized as realized taxable gain."[6]   [Italics supplied.]

The order of the Board of Tax Appeals is reversed and the case remanded for determination in accordance with the principles laid down in the Bruun case.

Reversed and remanded.

---

[4] 305 U.S. 267, 280, 59 S.Ct. 186, 191, 83 L.Ed. 167.

[5] The pertinent language in § 22 (a) of the 1934 Revenue Act, 26 U.S.C.A. Int. Rev.Acts, page 669, is identic.

[6] 309 U.S. 461, 469, 60 S.Ct. 631, 634, 84 L.Ed. 864.