TRI-CITY DR. PEPPER BOTTLING COMPANY, PETITIONER *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7596–72.    Filed January 28, 1974.

*William Monroe Kerr*, for the petitioner.
*David L. Jordan*, for the respondent.

### OPINION

FEATHERSTON, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for its fiscal year ended March 31, 1969,
in the amount of $5,469.08. The issue for decision is whether petitioner
is liable under section 47(a)(1) [1] for an investment credit "recapture
tax" as a result of its election under section 1372 to become an electing
small business corporation commencing April 1, 1969.

Petitioner is a Texas corporation with its principal office in Stanton,
Tex. It filed its income tax return for the fiscal year ended March 31,
1969, with the Internal Revenue Service in Austin, Tex.

The facts, all stipulated, show that in taxable years prior to the one
ended March 31, 1969, petitioner claimed and was allowed investment
credits under section 38 in the amount of $4,246.42. For the taxable year
ended March 31, 1969, petitioner claimed an investment credit of
$1,222.66. For its next fiscal year, commencing April 1, 1969, petitioner
and its shareholders made a timely election under section 1372 (sometimes hereinafter referred to as the subchapter S election) for petitioner to become an electing small business corporation as defined in
section 1371(b).

In the notice of deficiency, respondent disallowed the investment
credit of $1,222.66 claimed for the taxable year ended March 31, 1969,
and determined that petitioner was liable for a recapture tax with
respect to the investment credits totaling $4,246.42 taken for its prior
taxable years. The parties agree that if the subchapter S election had

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the
tax year in issue, unless otherwise noted.

not been made, petitioner would have been entitled to the investment credit of $1,222.66 claimed for the taxable year ended March 31, 1969, and would not have been liable for the recapture tax with respect to the investment credits taken in prior taxable years ($4,246.42).

To support his determination in the notice of deficiency, respondent cites section 1.47–4(b), Income Tax Regs., which is in pertinent part as follows:

(b) *Election of a small business corporation under section 1372*—(1) *General rule.* If a corporation makes a valid election under section 1372 to be an electing small business corporation (as defined in section 1371(b)), then on the last day of the taxable year immediately preceding the first taxable year for which such election is effective, any section 38 property the basis (or cost) of which was taken into account in computing the corporation's qualified investment in taxable years prior to the first taxable year for which the election is effective (and which has not been disposed of or otherwise ceased to be section 38 property with respect to the corporation prior to such last day) shall be considered as having ceased to be section 38 property with respect to such corporation and § 1.47–1 shall apply [i.e., the "recapture tax," described below, will be incurred]. * * *

The regulation further provides, however, that the recapture tax will not become due as a result of a subchapter S election if the corporation and each of its shareholders execute a prescribed agreement. Under that agreement the corporation and its shareholders, in general terms, agree to pay the recapture tax if the property prematurely loses its section 38 property character with respect to the corporation in any taxable year for which the subchapter S election is effective.

The parties agree that neither petitioner nor its shareholders have executed the agreement provided in the foregoing regulation. Further, they have stipulated that "The only issue before this court in this case is the validity of Treas. Reg. § 1.47–4(b) as such would cause § 38 property to be considered as having ceased to be § 38 property with respect to the petitioner." Petitioner does not object to the terms of the agreement prescribed by the regulation. Rather, petitioner contends there is no statutory basis for imposing the recapture tax in its fiscal year ended March 31, 1969, merely because a subchapter S election was made.

We hold the regulation is valid.

The disputed regulation, section 1.47–4(b), reflects an effort to mesh two separate sets of Code provisions with distinctive policy purposes. One set, the investment credit provisions of sections 38 and 46 through 50, provides for a direct credit against the income tax for a percentage of the taxpayer's basis in or cost of certain qualified depreciable property, known as "section 38 property," purchased and placed in service during the taxable year. These provisions were enacted "to stimulate the economy and improve the balance of payments deficit by

promoting investment within the United States in newly acquired productive facilities." *Charbonnet* v. *United States*, 455 F. 2d 1195, 1197 (C.A. 5, 1972); S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 717; H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 411–413; Conf. Rept. No. 2508, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 1142.

The other set of Code provisions involved in the disputed regulation, the small business corporation or "subchapter S" provisions contained in sections 1371 through 1379, permits certain small business corporations to elect to be free of most Federal income taxes. The objective of these provisions is to permit "businesses to select the form of business organization desired, without the necessity of taking into account major differences in tax consequences." S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), 1958–3 C.B. 1008.

Under section 46, as it stood during the period in controversy, the amount of the section 38 tax credit for a taxable year is 7 percent of the "qualified investment" in that year (the credit year). The term "qualified investment," limited to depreciable property placed in service by the taxpayer, is defined with reference to the useful life of the property. The percentage of the basis of new "section 38 property" and the cost of used "section 38 property" to be taken into account in computing the credit ranges from 33⅓ percent to 100 percent, depending upon the number of years of estimated useful life of the property. No credit is allowable for property having a useful life of less than 4 years.

The allowance of the tax credit, however, is not absolute. Where a credit has been allowed with reference to property that is "disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer" in a taxable year ending before the expiration of the estimated useful life used in computing the credit, section 47(a)(1)[2] imposes a recapture tax. The income tax for such taxable year (the "recapture year") is increased by a sum equal to the tax credit attributable to the unexpired portion of the estimated useful life of the property. Significantly, the tax for the credit year, the year in which the investment credit was originally taken, is not increased. Rather, the reduction in the investment credit is added to the income tax for

---

[2] SEC. 47. CERTAIN DISPOSITIONS, ETC., OF SECTION 38 PROPERTY.

(a) GENERAL RULE.—Under regulations prescribed by the Secretary or his delegate—

(1) EARLY DISPOSITION, ETC.—If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property.

the recapture year, the year in which the disposition or other cessation of section 38 property status occurs. See sec. 1.47–1(a)(1), Income Tax Regs.

Although section 47(a)(1) is not as clear as it might be, we think it may reasonably be interpreted to mean that a subchapter S election causes a corporation's property for which an investment credit has been allowed to cease to be section 38 property "with respect to the taxpayer" (i.e., the electing corporation). In determining whether such a cessation has occurred, the regulations, section 1.47–2(a)(2)(i), Income Tax Regs.,[3] provide that a determination must be made for each taxable year subsequent to the credit year; thus, in each such taxable year, the taxpayer must determine, "as if such property were placed in service in such taxable year," whether the property would qualify as section 38 property in the hands of the taxpayer in that taxable year.

We must, then, look to the situation as it existed on April 1, 1969, the effective date of the subchapter S election, to ascertain whether, if petitioner's section 38 property had been placed in service at that time, it would qualify as section 38 property with respect to petitioner. We find that it would not so qualify with respect to petitioner by reason of section 48(e).[4] That section provides that the qualified investment by a subchapter S corporation for each taxable year shall be apportioned pro rata among the persons who are shareholders, and any person to whom such an apportionment is made "shall be treated * * * as the taxpayer with respect to such investment." Since the shareholders of petitioner would be treated, beginning April 1, 1969, as the taxpayer with respect to such property, petitioner quite clearly would not be so treated. Accordingly, as a result of the subchapter S election, the property ceased to be section 38 property with respect to petitioner, the taxpayer, as of March 31, 1969, the day before the effective date

---

[3] Sec. 1.47–2 "Disposition" and "cessation".

(a) *General rule*—(1) *"Disposition"*. * * *

(2) *"Cessation"*. (i) A determination of whether section 38 property ceases to be section 38 property with respect to the taxpayer must be made for each taxable year subsequent to the credit year. Thus, in each such taxable year the taxpayer must determine, as if such property were placed in service in such taxable year, whether such property would qualify as section 38 property * * * in the hands of the taxpayer for such taxable year.

[4] SEC. 48. DEFINITIONS; SPECIAL RULES.

(e) SUBCHAPTER S CORPORATIONS.—In the case of an electing small business corporation (as defined in section 1371)—

(1) the qualified investment for each taxable year shall be apportioned pro rata among the persons who are shareholders of such corporation on the last day of such taxable year; and

(2) any person to whom any investment has been apportioned under paragraph (1) shall be treated (for purposes of this subpart) as the taxpayer with respect to such investment, and such investment shall not (by reason of such apportionment) lose its character as an investment in new section 38 property or used section 38 property, as the case may be.

of the subchapter S election, and at that point the recapture tax applies.

The reasonableness of the foregoing interpretation of section 47 (a) (1) is demonstrated by the fact that neither petitioner as a subchapter S corporation nor its shareholders would be subject to the recapture tax as long as the subchapter S election is outstanding. By reason of section 1372(b) (1),[5] the recapture tax may not be imposed upon petitioner for any taxable year while the subchapter S election remains in effect. That section expressly provides that an electing small business corporation "with respect to the taxable years * * * for which such election is in effect, * * * shall not be subject to the taxes imposed by this chapter [which includes section 47 (a) (1)] (other than the tax imposed by section 1378)." [6]

As to the shareholders, the Code contains elaborate provisions for passing a subchapter S corporation's undistributed taxable income (section 1373), net operating losses (section 1374), and capital gains (section 1375) to the shareholders, but none of these provisions has the effect of imposing the recapture tax with respect to section 38 property placed in service prior to a subchapter S election. Section 47 (a) (1) by its terms applies the recapture tax only with respect to section 38 property "placed in service by the taxpayer." Since the property here in question was placed in service by the corporation prior to the subchapter S election, not by the shareholders, there is no ground for imposing the recapture tax on them.

Petitioner suggests that, notwithstanding the subchapter S election, it may be liable for the recapture tax when and if the property is prematurely disposed of or ceases to be section 38 property in the same manner as it is liable for the section 1378 capital gains tax. Significantly, this is the result that petitioner could have achieved by signing the agreement provided for in the regulation here challenged. Indeed, Congress might have so provided for the imposition of the tax, and such a provision may be an entirely reasonable solution. But Congress did not do so. Rather, when it adopted the investment credit provisions, it did not change section 1372(b) (1) which relieves subchapter S corporations from all income taxes except the section 1378 capital gains tax.

---

[5] SEC. 1372. ELECTION BY SMALL BUSINESS CORPORATION.

(b) EFFECT.—If a small business corporation makes an election under subsection (a), then—

(1) with respect to the taxable years of the corporation for which such election is in effect, such corporation shall not be subject to the taxes imposed by this chapter (other than the tax imposed by section 1378) * * *

[6] Sec. 1378 refers to capital gains with respect to certain property disposed of by an electing small business corporation within 3 years of the election. See also the related minimum tax provisions of secs. 56 and 58(d).

Petitioner bases its argument that it is not liable for the recapture tax mainly upon section 47(b),[7] which provides that, for the purposes of section 47(a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of "a mere change in the form of conducting the trade or business." However, we do not think section 47(b) is applicable. It does not refer to a change in the manner of reporting the income or paying the tax on the income derived from the business but to a change in the "form of conducting" the business. Petitioner continued to conduct the business as a corporation after it made the subchapter S election in the same manner as it had before the election. The effect of the election was merely to alter the manner in which income tax liabilities are to be imposed on the corporation's income.

The legislative history of section 47(b), moreover, shows that it was intended to apply only where the business is tranferred from one entity to another. The accompanying committee report (S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 856) contains the following:

> The phrase "a mere change in the form of conducting the trade or business" (whether through incorporation, the formation of a partnership, or otherwise) applies *only to cases where the properties of a trade or business are transferred.* Thus, the transfer of section 38 assets to a newly formed corporation in a transaction to which section 351 applies will not fall within the scope of the exception unless the transaction involves the transfer of the trade or business in which such assets were used. [Emphasis added.]

Consistent with this legislative history, subdivisions (i) and (ii) of section 1.47–3(f)(1), Income Tax Regs.,[8] interpret section 47(b) to be applicable only where the section 38 property has been transferred.

---

[7] SEC. 47. CERTAIN DISPOSITIONS, ETC., OF SECTION 38 PROPERTY.

(b) SECTION NOT TO APPLY IN CERTAIN CASES.—Subsection (a) shall not apply to—
(1) a transfer by reason of death, or
(2) a transaction to which section 381(a) applies.

For purposes of subsection (a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business.

[8] Sec. 1.47–3  Exceptions to the application of § 1.47–1.

(f) *Mere change in form of conducting a trade or business*—(1) *General rule.* (i) Notwithstanding the provisions of § 1.47–2, relating to "disposition" and "cessation", paragraph (a) of § 1.47–1 shall not apply to section 38 property which is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the estimated useful life which was taken into account in computing the taxpayer's qualified investment by reason of a mere change in the form of conducting the trade or business in which such section 38 property is used provided that the conditions set forth in subdivision (ii) of this subparagraph are satisfied.

(ii) The conditions referred to in subdivision (i) of this subparagraph are as follows:
(a) The section 38 property described in subdivision (i) of this subparagraph is retained as section 38 property in the same trade or business,
(b) The transferor (or in a case where the transferor is a partnership, estate, trust,

Treasury regulations, such as section 1.47–4(b), may not be declared invalid except for weighty reasons and should be sustained unless unreasonable or plainly inconsistent with the statute. *Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496, 501 (1948). In passing upon the validity of such regulations, the Supreme Court stated in *United States* v. *Correll*, 389 U.S. 299, 306–307 (1967):

> we do not sit as a committee of revision to perfect the administration of the tax laws. Congress has delegated to the Commissioner, not to the courts, the task of prescribing "all needful rules and regulations for the enforcement" of the Internal Revenue Code. * * * In this area of limitless factual variations, "it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments." * * * The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. * * *

In the instant case, section 38, as well as section 47, specifically provides that the pertinent Code provisions on the investment credit are to be applied under regulations prescribed by the Secretary or his delegate.[9] Such "legislative" regulations are entitled to even more than the usual "great weight" accorded Treasury regulations. *Brewster* v. *Gage*, 280 U.S. 327 (1930); *M. E. Blatt Co.* v. *United States*, 305 U.S. 267 (1938).

In summary, we conclude that section 1.47–4(b) of the regulations is valid as a reasonable interpretation and implementation of section 47(a)(1). Without the regulation, property for which the investment credit has been allowed to a corporation "ceases to be section 38 property with respect to" that corporation when it makes a subchapter S election. The regulation permits the resulting recapture tax to be paid in the same circumstances as if no subchapter S election had been made. Thus, the regulation serves the purposes of the investment credit and related recapture tax provisions by assuring a recourse for that tax when property for which a credit has been allowed loses its section 38 property character in the hands of the corporation subsequent to its

---

or electing small business corporation, the partner, beneficiary, or shareholder) of such section 38 property retains a substantial interest in such trade or business,

(c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and

(d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor. This subparagraph shall not apply to the transfer of section 38 property if paragraph (e) of this section, relating to transactions to which section 381 applies, applies with respect to such transfer.

[9] Sec. 38(b) states: "The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this section and subpart B [rules for computing the investment credit]."

Sec. 47(a) begins: "Under regulations prescribed by the Secretary or his delegate—."

subchapter S election. At the same time, the regulation avoids the automatic, immediate imposition of the recapture tax merely because a subchapter S election has been made, thereby serving the subchapter S purpose of minimizing tax consequences as a factor in the selection of the form of business organizations. That the regulation is more liberal to the taxpayer than the statute would be without it is no ground for complaint by petitioner. *Charbonnet* v. *United States*, 455 F. 2d at 1199.

Reviewed by the Court.

*Decision will be entered for the respondent.*