**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Grace H. CUNNINGHAM, Eugene F. Cunningham and Grace H. Cunningham, Respondents.**

**No. 15815.**

United States Court of Appeals
Ninth Circuit.

July 29, 1958.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Lee A. Jackson, A. F. Prescott, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Raymond D. Ogden, Ogden & Ogden, Seattle, Wash., for respondents.

Before ORR and CHAMBERS, Circuit Judges, and JERTBERG, District Judge.

ORR, Circuit Judge.

The Tax Court refused to sustain income tax deficiencies assessed by the Commissioner against Grace Cunningham for the year 1946 and, alternatively, against Grace Cunningham and her husband, Eugene F. Cunningham, as a community, for the year 1952. The Commissioner appeals.

Pursuant to an oral agreement, in 1946 the American Manufacturing Company, Inc., a heavy machinery manufacturing concern owned by taxpayers' family and in which Mrs. Cunningham was the major stockholder, erected improvements upon land owned by her at a cost of approximately $20,000. By this same agreement she leased the land to the Company for six years without payment of rent, the Company agreeing to pay taxes on the land, with title to the improvements erected by the Company to vest in her at the end of the term. The agreement was reduced to writing in 1947, and upon its expiration in 1952 a new written lease for 10 years was executed, providing for payment of rent of $10 per month.

Contending that the erection of the building and provision for its transfer to taxpayer was a form of rental payment for the use of the land, the Commissioner assessed its value as ordinary income to taxpayers in the year of erection and, alternatively, in the year in which the first lease expired and title vested in Mrs. Cunningham.

The Tax Court found that the parties to the lease did not intend that the value of the improvements should constitute rent in either year. Therefore, it concluded, such value did not represent "rent" within the meaning of 1939 Code § 22(b) (11), 26 U.S.C.A. § 22(b) (11), and was, by virtue of that section, exempt from taxation. The Commissioner argues that the value of the improvements constituted rent as a matter of law, and that the Tax Court's findings on intent were not determinative of the matter. He further contends that the Tax Court's findings are not based on substantial evidence and hence are clearly erroneous.

1939 Code § 22(b) (11), added by the Revenue Act of 1942, 56 Stat. 798, now 1954 Code § 109, 26 U.S.C.A. § 109, provides that "Income, *other than rent*, derived by a lessor of real property upon the *termination* of a lease, representing the value of such property attributable to buildings erected or other improvements made by the lessee" shall not be included in gross income. [Emphasis supplied.]

So we have a termination of a lease, with a building erected on the property during the life of the lease, pursuant to agreement, which represents income attributable to said building. This income is not taxable unless it can be held to be "rent" as provided in the above quoted statute. In determining that question the Supreme Court of the United States, in the case of M. E. Blatt Co. v. United States, 1938, 305 U.S. 267, 59 S.Ct. 186, 189, 83 L.Ed. 167, has said that "Even when required, improvements by lessee will not be deemed rent unless intention that they shall be is plainly disclosed." 305 U.S. at page 277, 59 S.Ct. at page 189. But, be that as it may, argues the Commissioner, we do not reach the question of intent here because § 22(b) (11) exemption applies only to improvements which have been acquired by a lessor upon cancellation of a lease prior to the end of the full term. This position on the part of the Commissioner is directly contrary to that uniformly maintained by him since 1943 as promulgated in his

published rulings and regulations, wherein it is stated that said section applies to "termination, *through forfeiture or otherwise.*" T.D. 5238, 1943–1, Cum. Bull. 79 at 84, Regs. 103 § 19.22(b) (11)–1, now 1954 Regs. § 1.109–1.

The case of Helvering v. Bruun, 1940, 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864, involved a cancellation situation. That case was mentioned in the discussion in the Committee Reports [1] of the amendment which added § 22(b) (11) in 1942. However, the Bruun case was merely the latest in a long series of cases involving transfer of improvements to lessors, both upon cancellation and upon normal expiration of the lease. The new section was the product of concern on the part of Congress because of the requirement of the payment of taxes before the lessor had received disposable cash, and indicates a conscious policy decision of the Congress to defer taxation until a lessor disposed of the property. We see no reason why this policy is not applicable whether the property was acquired upon forfeiture or upon expiration of the term.

■ It is suggested that an enhancement in value through the erection of improvements to be transferred to the lessor at the expiration of the term of the lease, when the erection and transfer are required by the terms of the lease and no periodic payments of rent are required, constitutes "rent" as a matter of law. We find no basis in the legislative history or in a reading of the statute which sustains such a view. At the time the 1942 amendment (the enactment which added this section) was before the Congress, it seems clear that it had in mind the statement made in M. E. Blatt Co. v.

United States, 1938, 305 U.S. 267, 277, 59 S.Ct. 186, 83 L.Ed. 167, heretofore quoted, and we see no suggestion in the Committee Reports or the statute that § 22(b) (11) was intended to make a change in this respect. The Tax Court properly looked to the intent of the parties to the lease, as derived from the lease itself and all the surrounding circumstances.

■ The Tax Court found that the lessee corporation had not been in a financial position to purchase the property and that taxpayer made the purchase in order that her company would be able to expand without having to move elsewhere. It accepted testimony that taxpayer had no intention of charging any rent; that she considered the improvements so specialized in nature that they would have no value other than to a manufacturer in the same line of business; that there was no such manufacturer in the same locality; and that had she not been interested in the company she would have required an agreement on the part of the lessee that the improvements be removed upon expiration of the lease. There is substantial evidence in the record to support the Tax Court's finding that the parties did not intend the value of the improvements to constitute payment of rent for the use of the property. The finding that the improvements were not "rent" within the meaning of § 22(b) (11) is substantially supported. The Commissioner earnestly argues to the contrary in pointing out certain evidence in the case. Admittedly it is contradictory, but its resolution was for the Tax Court.

Affirmed.

1. See H.R.Rep. No. 2333, p. 69, and S.Rep. No. 1631, pp. 78–79, 77th Cong., 2nd Sess., both reprinted in 1942–2 Cum.Bull. at pp. 425 and 564–565 respectively.