**Clement V. and Marjorie A. CONOLE, Petitioners-Appellants-Cross Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee-Cross Appellant.**

No. 72-2629.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1973.

David S. Meisel, Palm Beach, Fla., for petitioners-appellants-cross appellees.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., Lee H. Henkel, Jr., Acting Chief Counsel, William D. Brackett, Atty., I. R. S., Washington, D. C., Daniel B. Rosenbaum, Atty., Tax Div., Washington, D. C., for respondent-appellee-cross appellant.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

PER CURIAM:

The issues in this case are fully described in the Tax Court's opinion, 30 T.C.M. 467 (1971), and we are in agreement with the findings and reasons for decision contained therein which we adopt as our own.

Affirmed.

GOLDBERG, Circuit Judge (concurring in part and dissenting in part):

I would affirm in every regard save one. I believe that the Tax Court misapplied the law regarding the "improvements to the leasehold" issue. I understand that the Tax Court, upon finding that the lessee made capital improvements to the leasehold, charged taxpayers with constructive receipt of income and based the computation of the amount of that income on the amortized cost of erecting the improvements.[1] *See* 30 CCH Tax Ct.Mem. 467, 476. Section 109 of the Code clearly prevents the Commissioner from charging a lessor—at the time improvements are made or at the time the lease terminates—with the constructive receipt of taxable income merely because the lessee has made improvements on the leasehold.[2] *See* M. E. Blatt Co. v. United States, 1938, 305 U.S. 267, 59 S.Ct. 186, 83 L.Ed. 167; Commissioner v. Cunningham, 9 Cir. 1958, 258 F.2d 231. But section 109 does not prevent taxing the lessor for the value he receives when the lessee allows him to *use* the leasehold for personal purposes during the life of the lease. The taxpayer-lessor constructively receives income when he is given the use of the property, but the value of that use is not necessarily related in any way to the cost of erecting the improvements. M. E. Blatt Co. v. United States, *supra*, 305 U.S. at 277–279, 59 S.Ct. 186, 83 L.Ed. at 170–172. Rather, the value received by the taxpayer-lessor should be computed on the basis of the fair market value of *using* the property *as improved*.[3] I would remand for a factual finding of that value.

1. Based upon its finding that taxpayers used the leased premises for personal, as opposed to business, purposes in a ratio of 40 percent to 60 percent, the Tax Court assigned to taxpayers as taxable income 40 percent of the value found; i. e., the amortized cost.

2. Int.Rev.Code of 1954, § 109 provides: "Gross income does not include income (other than rent) derived by a lessor of real property on the termination of a lease, representing the value of such property attributable to buildings erected or other improvements made by the lessee."

3. The lessor's income derived from *ownership* of the improvements is exempted from taxation until he sells the property by § 109. The lessor's income derived from *use* of the improvements during the life of the lease is taxable as constructively received income. The *Cohan* reasoning applied by the Tax Court is, of course, still applicable. Thus, taxpayers here have constructively received 40 percent of the value of using the property as improved.