EUGENE J. RAMM AND DONA RAMM, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2335–78.     Filed July 12, 1979.

Eugene J. Ramm and Dona Ramm, pro se.
*Wayne B. Henry*, for the respondent.

### OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $4,790 in petitioners' Federal income tax for the year 1974. The only issue presented for decision is whether petitioners, former

shareholders of an electing small business corporation under section 1371,[1] must recapture upon liquidation of the corporation certain investment tax credits allowed to them under section 48(e).

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below.

Eugene J. and Dona Ramm (petitioners) were legal residents of Valentine, Neb., when they filed the petition in this case. On January 17, 1964, the petitioners and Robert A. and Helen Ramm (Eugene J. Ramm's brother and sister-in-law) formed a corporation by the name of Valley View Angus Ranch, Inc. (Valley View), for the purpose of carrying on a ranching operation. Petitioners collectively owned 50 percent of the shares issued. The shareholders elected under section 1371 to be treated as a small business corporation, and the election remained effective until the corporation's liquidation in 1974. On March 4, 1974, Valley View adopted a plan of complete liquidation pursuant to section 333 of the Code. In accordance with that plan, all assets of the corporation were distributed to the shareholders during March 1974, and recognition of gain realized by the shareholders was deferred under the provisions of section 333. The petitioners' bases in the property received were determined under section 334(c),[2] which assigns a substituted basis to the assets by allocating the adjusted basis of a shareholder's stock to the assets received by him.

Some of the assets distributed to petitioners constituted section 38 property on which investment credit had been claimed

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.

[2] SEC. 334. BASIS OF PROPERTY RECEIVED IN LIQUIDATIONS.

(c) PROPERTY RECEIVED IN LIQUIDATION UNDER SECTION 333.—If—

(1) property was acquired by a shareholder in the liquidation of a corporation in cancellation or redemption of stock, and

(2) with respect to such acquisition—

(A) gain was realized, but

(B) as the result of an election made by the shareholder under section 333, the extent to which gain was recognized was determined under section 333,

then the basis shall be the same as the basis of such stock cancelled or redeemed in the liquidation, decreased in the amount of any money received by the shareholder, and increased in the amount of gain recognized to him.

previously by the shareholders under the provisions of section 48(e).[3] Section 48(e) allows the shareholders of a qualified subchapter S corporation to claim on their individual tax returns the investment tax credit allowed by section 38 on qualified investment property purchased by the corporation. The allowance of the tax credit, however, is not absolute. If a credit has been allowed with respect to property that is "disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer" in a taxable year ending before expiration of the estimated useful life used in computing the credit, section 47(a)(1)[4] imposes a recapture tax. The shareholders' income tax for such taxable year (the recapture year) is increased by a sum equal to the tax credit attributable to the unexpired portion of the estimated useful life of the property.

Section 47(b) provides an exception to the recapture provisions when property which was the basis of prior investment credits is disposed of by: "a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business." If petitioners cannot avail themselves of the protection afforded by section 47(b), it is clear that the distribution in liquidation constituted a premature disposition of investment credit property for which section 47(a)(1) imposes a recapture tax. The parties have agreed that if a recapture tax is applicable, the amount of recapture is $4,790.

Section 1.47–3(f)(1)(ii), Income Tax Regs., sets forth the

---

[3]SEC. 48. DEFINITIONS; SPECIAL RULES.

(e) SUBCHAPTER S CORPORATIONS.—In the case of an electing small business corporation (as defined in section 1371)—

(1) the qualified investment for each taxable year shall be apportioned pro rata among the persons who are shareholders of such corporation on the last day of such taxable year; and

(2) any person to whom any investment has been apportioned under paragraph (1) shall be treated (for purposes of this subpart) as the taxpayer with respect to such investment, and such investment shall not (by reason of such apportionment) lose its character as an investment in new section 38 property or used section 38 property, as the case may be.

[4]SEC. 47. CERTAIN DISPOSITIONS, ETC., OF SECTION 38 PROPERTY.

(a) GENERAL RULE.—Under regulations prescribed by the Secretary—

(1) EARLY DISPOSITION, ETC.—If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property.

following requirements for a disposition to qualify as "a mere change in the form of conducting the trade or business":

(a) The section 38 property described in subdivision (i) of this subparagraph is retained as section 38 property in the same trade or business,

(b) The transferor (or in a case where the transferor is a partnership, estate, trust, or electing small business corporation, the partner, beneficiary, or shareholder) of such section 38 property retains a substantial interest in such trade or business,

(c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and

(d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor. * * *

If any one of the four conditions is not satisfied, then section 47(b) is not applicable to the disposition.

Respondent contends that petitioners failed to satisfy requirement (d) because the basis of the assets in petitioners' hands is not determined in whole or in part by reference to the basis of such section 38 property in the hands of the corporation. Petitioners argue, in the alternative, that (1) the basis of the assets in their hands was in fact determined by reference to the corporation's basis, and (2) that the regulation is contrary to the congressional intent behind section 47(b) and is therefore invalid.

Petitioners' first contention is clearly without merit. Section 334(c) provides that in a section 333 liquidation, the basis of the assets in the hands of the distributee is determined by allocating the adjusted basis of the stock surrendered to the assets received, based on their relative fair market values. See sec. 1.334-2, Income Tax Regs. Under this rule, the basis of the assets in petitioners' hands bears no relationship whatsoever to the basis of the assets in the hands of the corporation. Thus, petitioners cannot meet the test set forth in paragraph (d), sec. 1.47-3(f)(1)(ii), Income Tax Regs.

It is not necessary for us to pass on the merits of petitioners' allegation that paragraph (d) contravenes congressional intent with regard to section 47(b).[5] Regardless of the validity of

---

[5] The regulation in question was promulgated by the Secretary of the Treasury pursuant to authority specifically granted by Congress under sec. 47(a). It is well established that such regulations are given the force and effect of law unless they are unreasonable or plainly inconsistent with the statute, or unless they exceed the scope of the authority delegated. *M. E. Blatt Co. v. United States*,

paragraph (d), petitioners have not satisfied the other require-
ments of the regulations. Therefore, we sustain respondent's
determination.

Paragraphs (a), (b), and (c) of section 1.47–3(f)(1)(ii) contain
the other requirements for a mere change in the form of
conducting a trade or business. Paragraph (a) requires that the
section 38 property be retained in the *"same trade or business";*
(b) requires that the transferor (petitioners in this case) must
retain a substantial interest in *"such trade or business";* and (c)
requires that substantially all the assets necessary to operate
*"such trade or business"* must be transferred to the transferor to
whom the section 38 property is transferred.

We think it clear that the phrase "trade or business" as it is
used in those paragraphs refers to the trade or business as it
existed prior to the disposition but without regard to the form in
which the business activity was carried on. In other words, not
only the type but also the scope of the trade or business must
continue substantially unchanged after the change in form in
order for the exception to recapture under section 47(b) to be
applicable. It is apparent from the legislative history of section
47(b) that Congress intended that the trade or business remain
intact after the change in form. The accompanying committee
report contains the following (S. Rept. 1881, 87th Cong., 2d Sess.
(1962), 1962–3 C.B. 856):

> The phrase "a mere change in the form of conducting the trade or business"
> (whether through incorporation, the formation of a partnership, or otherwise)
> applies only to cases where the properties of a trade or business are
> transferred. Thus, the transfer of section 38 assets to a newly formed
> corporation in a transaction to which section 351 applies will not fall within the
> scope of the exception unless the transaction involves the *transfer of the trade
> or business* in which such assets were used. [Emphasis added.]

This congressional intent is manifest in the language of the
statute itself which calls for the taxpayer to retain "a substan-
tial interest in such trade or business."

In the present case, there is no indication that the ranching

---

305 U.S. 267 (1938); *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496 (1948); *United States v.
Correll,* 389 U.S. 299 (1967). Nevertheless, we think that there is an issue as to whether the condition
imposed by par. (d) of sec. 1.47–3(f)(1)(ii) is consistent with the congressional intent behind the "mere
change in form of conducting the trade or business" exception in sec. 47(b). Since we decide this case
on an alternative ground, we do not resolve that issue here.

activities carried on by the corporation remained substantially unchanged after liquidation. To the contrary, the record shows that after liquidation "each brother began operation as a ranch proprietorship business." We must assume from this fact that after liquidation the assets of the corporation were no longer collectively employed for productive purposes, and that each brother was free to independently manage the assets received by him and his wife. If substantially all of the assets had been distributed to a partnership consisting of the former shareholders, we would have a different situation before us. In that situation, the trade or business carried on by the corporation would be substantially the same as that carried on by the partnership, assuming, of course, that the same type of business activity was involved. Given the facts in evidence, however, we conclude that the trade or business carried on by the corporation vanished at liquidation. Thus, petitioners cannot satisfy the requirements of paragraphs (a), (b), and (c) of section 1.47–3(f)(1)(ii).[6]

Accordingly, we hold that petitioners do not meet the "mere change in form of conducting the trade or business" exception of section 47(b) and are liable for the recapture tax imposed by section 47(a)(1). To give effect to concessions by petitioners and our conclusion on the disputed issue,

*Decision will be entered for the respondent.*

---

[6]We note that the decision of the Federal District Court in *Baker v. United States*, 398 F. Supp. 1143 (W.D. Tex. 1975), is in harmony with the result we reach here. In that case, a partnership which had previously engaged in three distinct business activities (construction, leasing, and trucking) transferred its assets to three new corporations, each of which carried on one of the former activities. The court held that this constituted a "mere change in form" in spite of the language of sec. 1.47–3(f)(1)(ii)(*c*), which would appear to require that substantially all the trade or business assets be transferred to a single transferee. In declining to give the regulation a literal construction, the court held that the controlling factors are "whether there is an unimpaired continuity of the essential business enterprise in a new form and whether the former owners of proprietary interests continue as such." *Baker v. United States, supra* at 1151. In *Baker*, the essential economic enterprise of the partnership continued unchanged despite the separate incorporation of the three business activities. In the present case, the essential economic activity of the corporation was substantially altered.