JOE ALVIN SEXTON AND NOVENA J. SEXTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sexton v. Comm'r
Docket No. 4428-78.
United States Tax Court
T.C. Memo 1981-494; 1981 Tax Ct. Memo LEXIS 245; 42 T.C.M. (CCH) 1030; T.C.M. (RIA) 81494; September 10, 1981
*245 Gregory W. Walkauskas, for the petitioners. Charles W. Kite, for the respondent. FEATHERSTON
*246 MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $ 4,423.58 in petitioners' Federal income tax for 1974. *247 The sole issue for decision is whether petitioners must recapture investment credit, taken as shareholders of a subchapter S corporation, upon the liquidation of the subchapter S corporation and the transfer of the business to a partnership. All of the facts have been stipulated. Petitioners Joe Alvin Sexton (petitioner) and Novena J. Sexton, husband and wife, filed joint Federal income tax returns for 1974 with the Internal Revenue Service Center, Memphis, Tennessee. At the time their petition was filed, petitioners resided in Sunbright, Tennessee. In 1961, petitioner commenced operating, as a sole proprietorship, an oil distribution and service station business. On March 1, 1971, the business was incorporated under the laws of the State of Tennessee. Petitioner and his wife each owned 50 percent of the stock in the corporation. From the date of its incorporation to the debt of liquidation, the corporation was treated for tax purposes as a subchapter S corporation. During 1972 through 1974, the corporation purchased depreciable property to be used in its trade or business. On their individual income tax returns for those years, petitioners took investment credits in *248 the amounts of $ 3,511.21, $ 1,035.33, and $ 197.09, respectively. None of the property for which the investment credit was claimed in 1972 through 1974 was depreciated to its salvage value prior to liquidation of the corporation. On or about March 31, 1974, the corporation was liquidated under section 331. [1] As of that date, the books and records of the corporation were closed for purposes of computing income and expenses, with the exception of depreciation. The property owned by the corporation was transferred to a general partnership in which petitioner and his wife were the sole partners. For the purpose of computing depreciation, the transferee-partnership used the same books that the transferor-corporation had used. The partnership also used the same adjusted basis in the transferred depreciable property that the corporation had used prior to liquidation. The property was not appraised at the time of transfer. Substantially all the assets necessary to operate the business were transferred to the partnership. In his notice of *249 deficiency, respondent determined that investment tax credit in the amount of $ 4,743.63 claimed during the taxable years 1972, 1973, and the period ended March 31, 1974, was subject to recapture. Section 47(a)[2] establishes the general rule that any "disposition" of section 38 property [3] prior to the expiration of the useful life of the property triggers a recapture of any investment credit taken to the extent that the credit was based upon the unexpired life of the property. An exception to the recapture provision is provided, however, where there is "a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business." Section 47(b). [4]
*250 This case is controlled by Long v. United States,     F.2d     (6th Cir. July 6, 1981). See Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), affd. 445 F.2d 985 (10th Cir. 1971). In Long, a subchapter S corporation in its fiscal year 1972 purchased property which qualified for an investment credit. At the end of its fiscal year 1972, the corporation was liquidated under section 331, and its assets were distributed to Mr. and Mrs. Long in exchange for their stock. The business once conducted by the corporation was continued by the Longs as a proprietorship in which the section 38 property was used as it had been used by the corporation. The court of appeals sustained the Commissioner's determination that the 1972 distribution in liquidation constituted an "early disposition" of section 38 property which, under section 47(a), triggered the recapture tax. Petitioners here contend that they are not subject to the recapture provisions of section 47(a) because no disposition of the assets has occurred. Petitioners observe that section 48(e) [5] specifically provides that a shareholder of a subchapter S corporation to whom an investment *251 has been apportioned is considered the taxpayer with respect to the investment, and that they, not the corporation, are the taxpayers referred to in section 47(a). Petitioners reason that, as sole partners of the transferee-partnership, they continue to own the section 38 property. Accordingly, they conclude that no disposition has occurred within the meaning of section 47(a), and therefore no recapture is triggered. In Long v. United States, supra, footnote 6, the court of appeals answered that *252 argument as follows: The Longs have * * * argued that there can be no investment credit recapture because no section 38 property was "disposed of, or otherwise cease[d] to be section 38 property," i.e. the distribution in liquidation of the Long Construction Company's section 38 property was not an "early disposition" under § 47(a) of the Code. Simply put, they contend that because the investment credit of a Subchapter S corporation is passed through to the shareholders (who, under § 48(e) are "treated as the taxpayer[s] with respect to such investment."), the liquidating distribution of the corporation's section 38 property represent, in effect, a "transfer" to themselves of their own assets. Thus, where the entity generating the investment credit is a Subchapter S corporation, there can be a disposition under § 47(a) only where the shareholders "dispose" of their shares. * * * we believe the argument to be without merit. The legislative history of the investment credit provisions of the Code makes it plain that a shareholder of a Subchapter S Corporation "will be subject to the provisions of section 47" if "the corporation subsequently disposes of such property [section *253 38 property], or if the shareholder disposes of his stock in such [Subchapter S] corporation." S. Rep. No. 1881, 87 Cong., 2d Sess., U.S. Code & Adm. News, 87th Cong., 2d Sess., pp. 3464-65 (1962) (emphasis added). This view is reflected in Treas. Reg. § 1.47-4(a), which provides that a shareholder of a Subchapter S corporation is subject to § 47 of the Code if the corporation "disposes of any section 38 property * * *" The longs have not challenged the validity of this regulation (in fact they have not seen fit to even allude to it in their brief), and, as a legislative regulation, we must give effect to it. * * * The Longs' argument is thus reduced to the question of whether the corporation "disposed" of its section 38 property when it distributed such property in liquidation. Here, however, the parties are agreed that a distribution in liquidation constitutes a "disposition" under § 47(a). Ramm v. Commissioner, [Dec. 36,172], 72 T.C. 671 (1979). *254 See also Rev. Rul. 73-515, 1973-2 Cum. Bull. 7; S. Rep. No. 1881, 87 Cong., 2d Sess.; U.S. Code & Adm. News, 87th Cong., 2d Session, p. 3450 (1962). As in Long, petitioners here have not referred to section 1.47-4(a), Income Tax Regs., which states that a shareholder of a subchapter S corporation is subject to the recapture tax if the corporation "disposes of any section 38 property * * *." While the stipulation is not cast in terms of a disposal of the property, it states that the subchapter S corporation "was liquidated under § 331" and that the property owned by the corporation was "transferred" to the partnership. [6] The court of appeals explained in Long that "the Internal Revenue Code regards a liquidating distribution under Section 331 as a change in substance and treats it in the same manner as a sale or exchange of stock would be treated," citing Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders, par. 11.01 at 11-4 (4th ed. *255 ) and Kind v. Commissioner, 54 T.C. 600 (1970). Thus petitioner's argument lacks merit. Relying upon section 47(b), petitioners alternatively argue that the transfer of the business from the subchapter S corporation to the partnership involved no more than a "mere change in the form of conducting the trade or business" with the result that an "early disposition" of the property for recapture purposes did not occur. Under regulations promulgated by respondent, four conditions must be satisfied to qualify the taxpayer for the change in business form exception. Section 1.47-3(f)(1)(ii) Income Tax Regs. provides in pertinent part: (a) The section 38 property described in subdivision (i) of this subparagraph is retained as section 38 property in the same trade or business, (b) The transferor (or in a case where the *256 transferor is a partnership, estate, trust, or electing small business corporation, the partner, beneficiary, or shareholder) of such section 38 property retains a substantial interest in such trade or business, (c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and (d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor. The parties agree that the first three conditions of the regulation have been met. The requirement, contained in paragraph (d) of that regulation, however, has not been satisfied. As noted above, the corporation was liquidated pursuant to section 331. Under section 334, [7] the basis of the transferred assets in the hands of the transferee partnership is the fair market value of the assets at the time of the transfer. Consequently, the basis of the assets is determined by reference to their fair market value and not to their basis in the hands of the transferor as is required *257 by paragraph (d). Petitioners nevertheless argue that they qualify for the exception provided by section 47(b) and that recapture is not triggered. They contend that paragraph (d) of the regulation is invalid because it imposes an element that is unreasonable and plainly inconsistent with the revenue statute. This argument as to the validity of the regulation was the main issue dealt with in Long. The court of appeals points out that the section 1.47-3(f)(1)(ii)(d), Income Tax Regs., is a legislative regulation, and that a court's role in reviewing such a regulation "begins and ends with assuring that the Commissioner's regulations fall within his authority to implement *258 the congressional mandate in some reasonable manner." Bates v. United States, 581 F.2d 575, 580 (6th Cir. 1978) quoting United States v. Correll, 389 U.S. 299, 307 (1967). The court also observed that the "mere change in form" language is not unique to section 47(b) but appears in other Code provisions. See, e.g., secs. 50A(c)(2)(B)(ii), 167(m). With respect to such other provisions, the Commissioner has taken the position that they apply only to nontaxable exchanges which result in a carryover basis. On the other hand, as pointed out above, a section 331 liquidation is treated as a sale or exchange which under section 334(a) gives the distributee a new basis equal to the property's fair market value. In the light of this background, the court of appeals held that the disputed regulation is valid. The court added in Long v. United States, supra: We note * * * that since the challenged regulation became final on October 9, 1967, Congress has amended *259 Section 47(a) no fewer than six times and Section 47(b) once. Even were the regulation's relationship to Section 47(a) not so readily apparent, we would be reluctant to conclude that the regulation is inconsistent with congressional intentions. Regulations of longstandings under Code sections which Congress has thereafter frequently amended may be viewed as reflecting the approval of Congress. See Lykes v. United States [52-1 USTC P9259], 343 U.S. 118, 127 (1952); United States v. Correll, 389 U.S. at 305-06. [Footnotes omitted]. We conclude that petitioners must recapture the investment credit taken by them as shareholders of the subchapter S corporation. See Golsen v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. Section 47(a) provides interalia: (a) General Rule--Under regulations prescribed by the Secretary ro his delegate-- (1) Early Disposition, Etc.--If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38↩ property. 3. The term "section 38 property" refers in general to property qualifying for the investment credit. Sec. 38↩; sec. 48(a). 4. Section 47(b) provides: (b) Section Not to Apply in Certain Cases--Subsection (a) shall not apply to-- (1) a transfer by reason of death, or (2) a transaction to which section 381(a) applies. For purposes of subsections (a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38↩ property and the taxpayer retains a substantial interest in such trade or business.
5. Section 48(e) provides: (e) Subchapter S Corporations--In the case of an electing small business corporation (as defined in section 1371)-- (1) the qualified investment for each taxable year shall be apportioned pro rata among the persons who are shareholders of such corporation on the last day of such taxable year, and (2) any person to whom any investment has been apportioned under paragraph (1) shall be treated (for purposes of this subpart) as the taxpayer with respect to such investment, and such investment shall not (by reason of such apportionment) lose its character as an investment in new section 38 property or used section 38↩ property, as the case may be.
6. Despite this stipulation, the assets were at least constructively distributed to petitioners as shareholders of the corporation and then transferred by them to the partnership as a contribution of capital. Sec. 721.↩
7. Section 334(a) provides: (a) General Rule.--If property is received in a distribution in partial or complete liquidation (other than a distribution to which section 333↩ applies), and if gain or loss is recognized on receipt of such property, then the basis of the property in the hands of the distributee shall be the fair market value of such property at the time of the distribution.