AARON MILLER and RACHEL MILLER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Miller v. Commissioner
Docket Nos. 13472-81, 13473-81, 13474-81.
United States Tax Court
T.C. Memo 1982-721; 1982 Tax Ct. Memo LEXIS 27; 45 T.C.M. (CCH) 328; T.C.M. (RIA) 82721; December 14, 1982. Michael L. Gianelli, for the petitioners. David L. Denier, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, *28 Chief Judge: Respondent determined deficiencies of $2,244 in Aaron and Rachel Miller's 1976 Federal income tax, $2,323 in Harold O. and Marjorie E. Miller's 1976 Federal income tax, and $1,075 in Hubert E. and Mildred E. Miller's 1976 Federal income tax. The sole issue for decision is whether petitioners must recapture, under section 47, [2] certain investment tax credits allowed to them under section 38. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. All six petitioners resided in California when their petitions were filed in this case. Rachel, Marjorie E., and Mildred E. Miller are parties to this proceeding only because they signed joint returns with their husbands. All further references to petitioners shall be to Aaron, Harold O., and Hubert E. Miller. At all relevant times prior to April 1, 1976, petitioners were partners *29 in L. O. Miller and Sons, a family partnership. The partnership consisted of four partners -- the three petitioners, each of whom held a 29.2-percent interest in the partnership's capital and profits, and the Rhoda Miller Trust (the trust), which held the remaining 12.4-percent interest. The partnership's primary business activity involved the ownership and operation of three farms. Each petitioner resided on one of the farms and managed it as if it were a separate and distinct business. The income and operating expenses of the three farms were aggregated at year end for tax purposes only. Between January 1, 1972, and April 1, 1976, the partnership purchased several assets, to be used on the farms, which qualified as section 38 property and for which investment tax credits were taken. These tax credits were allocated to the four partners in accordance with the general profits ratio. On or about April 1, 1976, the partnership distributed substantially all of its assets to the four partners. [3] Each petitioner received the farm he resided on, together with the section 38 property pertaining thereto. The trust received only cash. Thereafter, each petitioner operated his farm *30 as a sole proprietorship and continued to use the section 38 property as it had been used before. The trust reported $1,206 investment tax credit recapture on the premature distribution of partnership section 38 property. None of the petitioners reported any investment tax credit recapture on the distribution. Respondent determined that each petitioner must recapture investment tax credits with respect to the partnership section 38 property distribution to the other two petitioners. [4]
Section 47(a)(1)[5] requires taxpayers [6] to recapture investment tax credits taken on section 38 property which is disposed of prior to the close of its useful life. Section 47(b) provides, however, that section *31 47's recapture rules are inapplicable to dispositions that result in a "mere change in the form of conducting the trade or business." *32 Section 1.47-3(f)(1)(ii), Income Tax Regs., establishes the following four conditions for a disposition to qualify under section 47(b): (a) The section 38 property described in subdivision (i) of this subparagraph is retained as section 38 property in the same trade or business, (b) The transferor (or, in a case where the transferor is a partnership, estate, trust, or electing small business corporation, the partner, beneficiary, or shareholder) of such section 38 property retains a substantial interest in such trade or business, (c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and (d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor. The parties agree that all four conditions must be satisfied. See Long v. United States,652 F.2d 675 (6th Cir. 1981). Such *33 being the case, and in order to facilitate our decision herein, we focus first upon the requirement of subparagraph (b) of the regulation that the transferor (in this case, the partner) retain a substantial interest in the trade or business in which the section 38 property was employed. It is clear that prior to the transfers of the three farms, each of the petitioners had an interest in each farm by virtue of his 29.2-percent participation in the capital and profits of the partnership. It is equally clear that, after the transfer, each petitioner had an interest only in the farm distributed to him and not in the other two farms. Such being the case, we conclude that the retention of a substantial interest requirement of the regulation has not been met. Baker v. United States,398 F. Supp. 1143 (W.D. Tex. 1975), relied upon by petitioners, is clearly distinguishable. In that case, all the assets of a partnership engaged in three separate business activities (construction, trucking, and leasing) were transferred to three new corporations. Each corporation carried on one of the business activities and each of the former partners held the same proportionate *34 stock interest in each corporation that he had held in the partnership. In holding that these transfers constituted a mere change in form, the court stated that the controlling factors are "whether there is an unimpaired continuity of the essential business enterprise in a new form and whether the former owners of proprietary interests continue as such." 398 F. Supp. at 1151 (footnote omitted). Petitioners focus on the phrase "essential business enterprise" and appear to claim that the test in Baker is limited to whether the "essential business enterprise" continues to be conducted in a particular manner. If petitioners do indeed make this claim, they are mistaken. The court in Baker specifically stated that the former owners of proprietary interests must continue as such and it stressed that the proprietary interests of the former partners were continued in the successor corporations in identical ratios. Petitioners could meet the substantial interest test only if each retained a "substantial" interest in each farm. The parties have stipulated, however, that after *35 the distribution each petitioner had a 100-percent interest in the farm he resided on and no interest in the other two farms. Petitioners' contention that the substantial interest requirement is satisfied because the value of the property received by each partner was equal to the value of his partnership interest must be rejected. Not only is the record devoid of evidence that such was the case, but the value test has been rejected in favor of the percentage test as the basis for determining whether the substantial interest requirement has been met. Soares v. Commissioner,50 T.C. 909, 913-914 (1968). See also section 1.47-3(f)(2), Income Tax Regs.
In Ramm v. Commissioner,72 T.C. 671 (1979), we held that a liquidation of a subchapter S corporation which conducted a ranching operation and the continuation of a ranching activity by each shareholder as a sole proprietor failed to meet the requirements of section 1.47-3(f)(1)(ii), Income Tax Regs. However, in that case the focus of our opinion was on what constitutes "such trade or business" rather than on the substantial-interest requirement. *36 It is clear that what was involved in Ramm was a single ranching operation, quite unlike the situation in the instant case. Respondent seeks to apply the "collective employment" of assets concept of Ramm to the facts herein and seeks to have us conclude that all three farms would have to have been operated under a single umbrella in order to satisfy the "such trade or business" requirement of the regulations. In view of our decision, we need not decide whether respondent's interpretation of Ramm is correct, although we are constrained to note that our treatment therein of Baker v. United States,supra (see 72 T.C. at 676 n. 6), and the apparent presence of a single ranching operation indicate that such an interpretation may well be overly restrictive. To reflect our conclusion herein, Decision will be entered for the respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Harold O. Miller and Marjorie E. Miller, docket No. 13473-81, and Hubert E. Miller and Mildred E. Miller, docket No. 13474-81.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
3. The only assets retained by the partnership were certain notes receivable held with respect to past real property sales and stock held in Miller Farm Enterprises Corporation, a closely held family corporation which owned a building in Modesto, California.↩
4. In the event that we hold for respondent, the parties are in agreement as to the amounts of the recaptured investment credits.↩
5. Section 47(a)(1) provides: Early disposition, etc. -- If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38↩ property. 6. The disposition of section 38 property by a partnership subjects the partners to investment tax credit recapture in accordance with the following regulations: Sec. 1.47-6(a)(1), Income Tax Regs: (1) Disposition or cessation in hands of partnership. If a partnership disposes of any partnership section 38 property (or if any partnership section 38 property otherwise ceases to be section 38 property in the hands of the partnership) before the close of the estimated useful life which was taken into account in computing qualified investment with respect to such property, a recapture determination shall be made with respect to each partner who is treated, under paragraph (f) of § 1.46-3, as a taxpayer with respect to such property. Each such recapture determination shall be made with respect to the share of the basis (or cost) of such property taken into account by such partner in computing his qualified investment. * * * Sec. 1.46-3(f), Income Tax Regs.: (f) Partnerships - (1) In general. In the case of a partnership, each partner shall take into account separately, for his taxable year with or within which the partnership taxable year ends, his share of the basis of partnership new section 38 property and his share of the cost of partnership used section 38 property placed in service by the partnership during such partnership taxable year. Each partner shall be treated as the taxpayer with respect to his share of the basis of partnership * * * section 38 property. The estimated useful life to each partner of such property shall be deemed to be the estimated useful life of the property in the hands of the partnership. * * * (2) Determination of partner's share. (i) Each partner's share of the basis (or cost) of any section 38 property shall be determined in accordance with the ratio in which the partners divide the general profits of the partnership (that is, the taxable income of the partnership as described in section 702(a)(9)↩) * * *